## UNITED STATES ex rel. STIDHAM v. SWOPE.

### No. 28768.

United States District Court
N. D. California, S. D.
April 13, 1951.

James William Stidham, in pro per.

Frank J. Hennessy, U. S. Atty., Jos. Karesh, Asst. U. S. Atty., San Francisco, Cal., for respondent.

HARRIS, District Judge.

Petitioner, James William Stidham, seeks his release from Alcatraz Penitentiary. Initially, his petition was filed before Chief Judge Denman of the Court of Appeals (83 F.Supp. 371), who directed that the matter be transferred to the District Court, after observing that petitioner had met the requirements contained in 28 U.S.C.A. § 2255.

Petitioner is serving a five-year sentence for transportation of a stolen motor vehicle in interstate commerce. He has challenged the five-year sentence on two grounds: (a) Denial of Due Process of Law; (b) Lack of representation of counsel. As more particularly set forth in the transcript of proceedings of September 26, 1949, petitioner entered his plea of guilty after hearing the reading of the indictment. Sentence was imposed by the Court at the conclusion of statements by the Assistant United States Attorney and petitioner.

The Court originally sentenced petitioner to four years. Thereafter, petitioner sought leave to withdraw his plea of guilty. This was denied. He also requested the Court to appoint counsel for purposes of preparing a Writ of Habeas Corpus.

This too was denied. While making a third motion, petitioner was interrupted by the Court which set aside the original sentence and re-sentenced petitioner to five years.

It is the finding of this Court that petitioner was denied Due Process of Law from and after the period of time the trial court changed the sentence and enlarged the same from four to five years. The Court further finds that at the split second of enlarging the sentence, petitioner did not intelligently or at all waive counsel and the same should have been provided for him at his request. He was thereby deprived of the effective assistance of counsel and was denied Due Process of Law with respect to the second sentence in which one year was added to the initial four.

It is therefore the finding of this Court that petitioner's sentence is invalid as to the fifth year and he has completed service of four years on this date.

Accordingly, it is ordered that the Writ of Habeas Corpus be, and the same hereby is, granted, and petitioner be, and he is, released from Alcatraz Penitentiary.